# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

PRAXIS CAPITAL, L.P.,            )
                                 )
            Plaintiff,            )
                                 )
vs.                              ) No. 06-3043-CV-S-FJG
                                 )
JEREMY GARDNER, et al.,          )
                                 )
            Defendants.          )

## ORDER

Currently pending before the Court is defendant Jeremy Gardner's Motion for Sanctions (Doc. # 43), Plaintiff Praxis Capital, L.P.'s Motion for Bond Approval (Doc. # 44), Gerald Gardner's Motion for Return of Property (Doc. # 47) and Defendant Gerald Gardner's Motion to Dismiss Counterclaim/Cross-claim (Doc. # 56).

**I. Jeremy Gardner's Motion for Sanctions**

Jeremy Gardner filed a Motion for Sanctions because he states that he never received a copy of the Temporary Restraining Order, nor was he ever made aware that a hearing had been scheduled. Since he did not receive timely notice, he states that he was prejudiced at the hearing because he was unable to present any witnesses to substantiate his claims. However, the Court notes that because Mr. Gardner is currently incarcerated, he would not have been able to be present at the hearing. Mr. Gardner also states that the plaintiffs have not posted a bond, but have entered the facilities in Marshfield, Missouri.

Plaintiff responds that there is no factual basis for his argument and states that

he ignores that following facts: 1) Praxis, Cutting Edge and the Cooks entered into a Settlement Agreement at the commencement of the preliminary injunction; 2) the Court determined that Thomas, and not either of the Gardners owned the controlling interest in Cutting Edge and 3) a preliminary injunction does not come into force until such time as the injunction bond has been deposited.

Plaintiff also states that it has not entered the facility in Marshfield, but that Cutting Edge did enter the facility pursuant to the Settlement Agreement with the Cooks. Thus, Praxis points out that Cutting Edge's entrance into the facility was pursuant to an agreement with the owners and not pursuant to the preliminary injunction. Praxis also notes that Cutting Edge is not Praxis' agent and is instead a defendant in the suit.

The Court agrees and finds that there is no basis for assessing sanctions. Therefore, Jeremy Gardner's Motion for Sanctions is hereby **DENIED** (Doc. # 43).

**II. Praxis' Motion for Acceptance of Preliminary Injunction Bond**

Praxis has requested that the Court approve the attached bond which has been executed by its President, Jay Starr as surety. Praxis states that there is no rule or case requiring the surety under an injunction bond to be a bank, trust company, an insurer, or other corporate entity rather than an individual. In his declaration, Mr. Starr states that he has personal assets exceeding $1,000,000 which serve to support the personal surety issued in support of the Bond. He states that he has substantial property holdings in Pennsylvania and New York which are in excess of the amount of the bond. Additionally he states that he has $50,000 in cash in personal and business bank accounts and has personal credit lines available of $140,000. He also states that

2

his annual income exceeds $400,000.

Jeremy Gardner argues in opposition that pursuant to 31 U.S.C. § 9304, acceptable forms of surety include: a surety bond, certified check, bank draft, postal money order, cash, government obligations or a property bond with clear title to property situated within the state that the action is brought in. Mr. Gardner states that Mr. Starr does not hold a Certificate of Authority as is required to guarantee bonds. Additionally, he argues that the financial outcome of this case would directly affect not only the financial condition of Praxis, but could also impact the financial condition of Mr. Starr individually. Allowing him to execute the bond would defeat the purpose of providing the bond in the first place. Mr. Gardner states that Praxis asked during the preliminary injunction hearing to have the bond reduced from $750,00 to $200,000, so that they could repopen Cutting Edge Fabrication. However, he notes that they have now failed to provide the bond which they stated they would be able to post immediately to resume operations. Cutting Edge filed a short response stating that they supported Praxis Capital's Motion for Acceptance of Preliminary Injunction Bond as proposed.

Praxis has filed reply suggestions stating that under the Federal Rules of Civil Procedure, the security necessary for issuance of a preliminary injunction can be a surety bond, but is not required to be one. Praxis states that the security can alternatively be in the form of a stipulation or other undertaking acceptable to the district court. Praxis cites to cases which state that security approval matters are within the discretion of the district court.

As this is a matter within the Court's discretion, the Court hereby **DENIES** Praxis Capital L.P.'s Motion for Acceptance of the Preliminary Injunction Bond executed by Jar

Starr. Praxis is hereby required to obtain a surety bond by a surety company in the amount of $200,000 within ten (10) days of the date of this Order.

### III. Motion for Return of Personal Property

Defendant, Gerald Gardner has filed a Motion seeking the Return of his Personal Property. He states that he currently has several items which are located in the Cutting Edge facility which he would like to retrieve. These include calculators, scales, a welding toolkit, a welding hood, a tool box, numerous hand tools, a welder, a drill press, benchtop grinder, drills, router, step ladders and an HP laptop computer. He also states that the landlords have consented to his removal of this property as long as the Court is in agreement. He states that the above items are his "tools of the trade" and his livelihood will be impacted without them.

Praxis is opposed to the motion and states that Gerald Gardner has failed to allege that he has an immediate right to possession of the tools and other property he is claiming. Praxis also states it is doubtful that Gerald Gardner could prove either his ownership of the items or a right of possession to the property.

Gerald Gardner did not file Reply Suggestions to Praxis' opposition. At the current time, the Court is unable to make a determination without more information regarding this property. Accordingly, if Gerald Gardner feels that he is entitled to this property, he may file additional suggestions with supporting evidence showing his entitlement or ownership of such property. Mr. Gardner shall file his additional suggestions within ten (10) days of the date of this Order. Accordingly, Gerald Gardner's Motion for Return of Personal Property is **PROVISIONALLY DENIED** (Doc. #

47).

### IV. Motion to Dismiss Defendant's Counterclaim/Cross-Claim

Gerald Gardner has filed a Notice of Dismissal of his Counterclaim/Cross-Claim pursuant to Fed.R.Civ.P. 41(a). No other party has to date filed a response to Gerald Gardner's Counterclaim/Cross-Claim. Additionally, no other party filed a response to Gerald Gardner's Notice of Dismissal. Therefore, pursuant to the Notice filed by Gerald Gardner on June 12, 2006, his Counterclaim and/or Crossclaim is hereby **DISMISSED** without prejudice.


Date:  July 21, 2006           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               United States District Judge

5