IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PRAXIS CAPITAL, L.P., | ) |
| Plaintiff, | ) |
| vs. | ) No. 06-3043-CV-S-FJG |
| JEREMY GARDNER, et al., | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendant Jeremy Gardner's Motion for Sanctions (Doc. # 85); Jeremy Gardner's Motion to Strike Plaintiff's Objections to Request for Production of Documents (Doc. # 86); Jeremy Gardner's Motion to File Exhibits in the Record (Doc. # 87); Gerald Gardner's Motion for Extension of Time (Doc. # 88); Jeremy Gardner's Motion for Accept Pleading as Timely Filed (Doc. # 92); Jeremy Gardner's Motion for Advanced Notice of Hearing and Permission to Participate Via Teleconference (Doc. # 93) and Jeremy Gardner's Request to Liberally Construe Pleadings (Doc. # 94).

**I. Motion for Sanctions**

Defendant Jeremy Gardner alleges that plaintiff's counsel have filed false pleadings with the Court. A letter from Thomas Harty dated December 7, 2007 [*sic*] was sent to Jeremy Gardner at the correctional facility in Sayre, Oklahoma, but Mr. Gardner was not transferred to this facility until December 14, 2006. Counsel for plaintiff, Mr. Harty, states that he originally forwarded Praxis' responses to Jeremy Gardner at the Denver, Colorado correctional facility on December 6, 2006. However,

he subsequently learned that Mr. Gardner had been relocated to another facility. To ensure that Mr. Gardner received the documents, Mr. Harty resent the documents to Mr. Gardner at the new address. However, when the letter was edited, the date was inadvertently changed to December 7, 2007 instead of January 7, 2007, the date that Mr. Harty actually sent the responses a second time. Counsel for plaintiff also states that Mr. Gardner did not timely serve his requests for admission upon Praxis.

In reply, Gardner states that plaintiffs' counsel have provided no evidence to prove that they did not falsify documents. Gardner wants plaintiffs' counsel to produce postal logs showing that the discovery objections were sent on December 6, 2006 or a postal log showing that the second set of responses were sent on January 7, 2007. He also argues that they should have produced a copy of an envelope stamped "Return to sender," that was sent back from the Denver County jail. Mr. Gardner argues that the plaintiffs' counsel have lied to the Court by first denying that they received his requests for production of documents and then denied having received the discovery requests.

Defendant Gardner is mistaken in his belief that plaintiff's counsel must somehow "prove" that they did not falsify documents. The burden of proof on this issue is on Gardner as the party who is making the accusations. The Court has seen nothing in the pleadings to indicate that plaintiff's counsel lied to either the Court or to Mr. Gardner. Plaintiff's counsel did receive Mr. Gardner's Request for Production of Documents. This is indicated by Mr. Jacobson's acknowledgment letter dated November 15, 2006. However, the letter specifically references only the "Requests for Production" and do not reference any "Requests for Admission." Plaintiff's counsel also sent responses to plaintiff. Although there may have been some confusion as to the correct address to

2

send the documents, this does not show that plaintiff's counsel "lied." Accordingly, finding no basis for imposing sanctions, the Court hereby **DENIES** defendant Jeremy Gardner's Motion for Sanctions (Doc. # 85).

### II. Jeremy Gardner's Motion to Strike Plaintiff's Objections to Request for Production of Documents

Jeremy Gardner states that plaintiff's objections to his Request for Production of Documents should be stricken because the objections are 1) untimely; 2) the same objection was entered for each and every group of documents requested; 3) plaintiff cannot rely on his criminal conviction as the basis for estoppel in this civil action and 4) several of the objections are boilerplate objections.

Discovery in this case closed on December 15, 2006. On December 18, 2006, Jeremy Gardner filed a Motion for Extension of Time to Complete Discovery. However, on January 3, 2007, the Court denied his motion. Accordingly, the time for conducting discovery has now closed. The Scheduling and Trial Order states in part:

> c. **Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied.

Local Rule 37.1 states that the Court will not entertain any discovery motion until the parties have conferred or attempted to confer either in person or through the telephone. Mr. Gardner does not indicate that he even attempted to contact plaintiff's counsel regarding their objections. Therefore, because Mr. Gardner did not comply with Local Rule 37.1 and because his Motions to Strike Plaintiff's Objections were filed after the close of discovery, the Court hereby **DENIES** Jeremy Gardner's Motion to Strike

3

Plaintiff's Objections to Request for Production of Documents (Doc. 86).

### III. Jeremy Gardner's Motion to File Exhibits in the Record

Jeremy Gardner seeks leave to file his first Request for Production of Documents, first Request for Admissions, Certified Mail Receipt signed by Joe Jacobson, Bent County Correctional Facility Mail Log evidencing that outgoing mail was transmitted on November 10, 2006 to Joe Jacobson and a copy of a legal envelope sent certified mail to Praxis that was refused.

Although the Court has already ruled on defendant's Motions relating to these exhibits, the Court will allow defendant to file these exhibits in the record. Accordingly, the Court hereby **GRANTS** defendant's Motion to File these Exhibits in the Record (Doc. # 87).

### IV. Motion for Extension fo Time

Gerald Gardner seeks a two day extension of time to file his summary judgment motion. For good cause shown and with no opposition indicated, Gerald Gardner's Motion for Extension of Time is hereby **GRANTED** (Doc. # 88).

### V. Motion to Accept Pleadings As Timely Filed

Jeremy Gardner requests the Court to take notice that his Motion for Summary Judgment was timely filed by delivering a copy to the North Fork Correctional Facility's Mail Room on February 15, 2007. For good cause shown and with no opposition indicated, Jeremy Gardner's Motion to Accept his Motion for Summary Judgment as Timely Filed (Doc. # 92) is hereby **GRANTED**.

### VI. Motion for Advanced Notice of Hearing and Permission to Participate Via Teleconference

Jeremy Gardner requests that the court provide him thirty days notice of any hearings scheduled in this case and permission to participate via teleconference. Mr. Gardner states that he is incarcerated in a correctional facility, but is able to participate via teleconference. Plaintiff opposes the motion, arguing that such a request imposes an undue burden on the Court's ability to control its own calendar and would hinder the Court's ability to deal with exigent circumstances.

The Court does not anticipate that any hearings will be necessary in this case. However, if a hearing becomes necessary, the Court will attempt to include Mr. Gardner if the time constraints allow. However, it may be necessary for the Court to schedule and conduct a hearing with less than thirty days notice. Accordingly, Mr. Gardner's Motion for Advanced Notice of Hearing and Permission to Participate Via Teleconference is hereby **GRANTED in PART and DENIED in PART** (Doc. # 93).

**VII. Request to Liberally Construe Pleadings**

Jeremy Gardner requests that the Court liberally construe his pleadings because he is proceeding pro se. Plaintiff filed no response to this motion. As the Court is required by law to liberally construe the pleadings of pro se litigants, the Court hereby **GRANTS** Gardner's Motion to Liberally Construe Pleadings (Doc. # 94).


Date:  3/27/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge